IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SCHONCHIN JOSEPH SUNSERI,

    Plaintiff,

v.

ANN AIKEN, et al.,

    Defendant.

_____

Civ. No. 6:23-cv-01030-MC

ORDER

**MCSHANE, Judge:**

    *Pro se* plaintiff Schonchin Joseph Sunseri seeks leave to proceed *in forma pauperis* ("IFP"). The Court, pursuant to 28 U.S.C. § 1915(e)(2), must screen applications to proceed IFP and dismiss any case that is frivolous or malicious, or fails to state a claim on which relief may be granted.

    To survive an assessment under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under this standard, a plaintiff's alleged facts must constitute "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must assume that the allegations contained in the complaint are true. *Id.*

    As pleaded, the Court cannot make out a valid claim. A complaint must contain "a short and plan statement of the grounds for the court's jurisdiction . . . [and] a short and plain

statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)–(b). Here, Plaintiff's pleadings contain neither.

Plaintiff's claim, as summarized by his handwritten "short and plain statement" in the Complaint, lacks any claim on which Plaintiff can seek relief:

> I filed a complaint with 10 birth certificates of children I had 10 death certificates come from state court the removal of those and transfer to an individual who didn't represent me. I also had another individual sign along with the Judge the removal of 13 cadaver [sic] on April 23 and their transfer to 2 Hydrodams where I believe them to be emuls[i]fied intentional[ly.]

Pl. Compl., ECF No. 1. The remainder of the Complaint is equally as convoluted. In the attached cover sheets to the Complaint, Plaintiff selected 16 different legal topics to describe the nature of his suit, including "civil rights," "banks and banking," "personal injury – product liability," "other labor litigation," and "taxes (U.S. Plaintiff or Defendant)." ECF No. 1-1; ECF No. 1-2. In other sections, Plaintiff describes his cause of action as "[r]elease of lawyer/client information: confiscation of birth death [sic] certificate" and cites the applicable statute underlying his claim as "failure to use [d]ue process with guardianship, accounting, and records." The Complaint fails to articulate After reading the Complaint, the Court cannot identify *any claim* made by the Plaintiff, much less a valid federal claim on which he is entitled to relief.

Moreover, the Complaint fails to establish any basis for federal court jurisdiction. District courts are courts of limited jurisdiction. *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The party asserting jurisdiction bears the burden of establishing jurisdiction, and the presumption is that the district court lacks jurisdiction. *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). Plaintiff failed to meet his burden when he filed the

Complaint without claiming any basis for federal court jurisdiction. Those sections in the Complaint were left blank. ECF No. 1.

Because this action suffers from multiple fatal deficiencies that cannot be remedied by amendment, this action is DISMISSED with prejudice. Accordingly, Plaintiff's Application for Leave to Proceed IFP (ECF No. 2) and Motion for Appointment of Pro Bono Counsel (ECF No. 3) are DENIED.

IT IS SO ORDERED.

DATED this 31st day of August, 2023.

_____/s/ Michael McShane_____
Michael McShane
United States District Judge